# Jones  v.  The State.

*Indictment for. Assault with Intent to Murder.*

1. *Self-defense*; *charge to the jury* —In a criminal prosecution, where the defendant interposes the plea of self-defense, an independent instruction by the court, *ex mero'motu*, that "self-defense is the defense in 75 or perhaps 80 or 90 per cent. of the cases in this country," is prejudicial to the defendant, and the giving of such instruction will work a reversal of a judgment of conviction.

2. *Assault with intent to murder*; *irrelevant evidence.*— On a trial under an indictment for an assault with intent to murder, where it is shown that during a conversation which led up to the assault, the person assaulted applied an opprobrious epithet to the defendant, who replied that if he had made such a remark six months ago, he, the defendant, would have hurt him, but that circumstances had changed in that time, evidence in explanation of the remark by the defendant, that he had married within the six months and that his marriage was the change of circumstances referred to, is impertinent, irrelevant and inadmissible.

APPEAL from the City Court of Montgomery.

Tried before the Hon. EDWARD A. GRAHAM, Special Judge.

The appellant, Walter Jones, was indicted and tried for an assault with intent to murder, was convicted of

an assault and battery, and fined two hundred and fifty dollars.

On the trial of the case, the evidence for the State tended to show that the defendant shot one Young with a pistol, and that the defendant was at fault in bringing on the difficulty.

The testimony for the defendant tended to show that the shooting was in self-defense. Upon the examination of the defendant as a witness in his own behalf, he testified that the difficulty arose from his asking Young for the payment of an account for goods which Young had bought from him ; that during the conversation the defendant stated to Young that he had gotten the goods under false pretenses, whereupon Young said to the witness (the defendant) he was a d—d liar ; that thereupon the witness told Young that if he had said that six months ago, he would hurt him, but that circumstances had changed in that time ; that upon his insisting upon the payment of the account that Young applied to him a most opprobrious epithet, and grabbed at the witness with his left hand and threw his right hand towards his hip pocket, and thereupon the witness jumped back and immediately shot him. The witness was then asked the following question : "If at the time of the difficulty, he was a married man?" The State objected to this question, the court sustained the objection, and the defendant duly excepted. The attorney for the defendant stated to the court that the object of the question was to show that at the time of the difficulty the defendant had been married about five months, and the explanation of the remark he made when Young called him a d—d liar was that six months before he would have hurt him for making such remark, but that his circumstances had changed by reason of his marriage. The defendant's counsel then asked the witness the following question : "If at that time he had not been married about five months?" The State objected to this question on the ground that the testimony sought to be elicited thereby was irrelevant. The court sustained the objection, and the defendant duly excepted.

[Jones v. The State.]

The defendant separately excepted to different portions of the court's general oral charge to the jury. Among the several instructions to which separate exceptions were reserved, was the following, which appears as an independent instruction : "Self-defense is the defense in 75 or perhaps 80 or 90 *per cent.* of the cases in this country." Under the opinion on this appeal, it is unnecessary to set out at length the other portions of the court's general charge, to which exceptions were reserved, and the several charges given at the request of the State, to the giving of which the defendant separately excepted, and the charges requested by the defendant, to the refusal to give which he separately excepted.

FRANCIS G. CAFFEY, for appellant.—The importance of the plea of self- defense in this case is apparent ; yet, notwithstanding, the court casts a reflection upon its genuineness by telling the jury that this was the usual way ; the same old story ; that it was the defense in 75 to 90 *per cent.* of the cases in this country. There was no evidence of this fact in the case. The charge was abstract ; and the court sent the case to the jury, not only with the burden on defendant to make out his plea, but with an aspersion from the bench upon the sincerity of that plea. This was clearly error, and, it seems to me, reversible error. The inference is almost irresitible that under the circumstances it must have influenced the jury adversely to defendant.—*Dollar v. State,* 99 Ala. 236 ; *Coleman v. State,* 87 Ala. 14 ; *Griffin v. State,* 90 Ala. 601. But more than this, it does not appear affirmatively that it did not injure defendant. There is no common knowledge that the statement of fact is true, as in *Miller's Case,* 107 Ala. 40 ; and where error is shown injury is presumed unless the contrary affirmatively appears.—*Maxwell v. State,* 89 Ala. 150 ; *Vaughan v. State,* 83 Ala. 55 ; *Mitchell v. State,* 60 Ala. 26 ; *Fonville v. State,* 91 Ala. 39 ; *Williams v. State,* 83 Ala. 16. The provision in section 4333 of the Code can not affect this ; it relates only to error apparent upon the record, as distinguished from error which appears from the bill of exceptions.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Roberts v. State*, 68 Ala. 156; *Williams v. State*, 77 Ala. 53; *Crawford v. State*, 86 Ala. 16; *Walls v. State*, 90 Ala. 618; *Jolly v. State*, 94 Ala. 19; *Martin v. State*, 77 Ala. 5; *Tesney v. State*, 77 Ala. 34.

HARALSON, J.—The court in its oral charge said to the jury, "Self-defense is the defense in 75 or perhaps 80 or 90 *per cent.* of the cases in this country." This appears as an independent charge. In what connection with any other part of the oral charge it was given, does not appear. Its logical and inevitable effect was to prejudice the minds of the jury against the defense the defendant was making to the charge against him, and it should not have been given.

The other parts of the general charge, and those given at the request of the State, are free from reversible error, and the charges requested by defendant were properly refused.

The evidence sought to be introduced by the defendant was impertinent and illegal, and was properly excluded. The principles involved in these several rulings complained of, have been so often discussed and decided, it would serve no good purpose to go over them again.

For the error pointed out, the judgment of the court below must be reversed and cause remanded.

Reversed and remanded.

